Good morning, Your Honor. May it please the Court, my name is Jeffrey Giles, and I am the attorney for the Appellant Burnett. I'll be very brief. I think I've put everything I can in the papers. This is a situation where the review by the bankruptcy appellate panel was just simply not sustained in the record. The dissent in that case and District Judge Hicks in the companion case, the Sanford case, notes this, I think, as the most eloquent argument that I can make. Let me just run the chronology by you and then ask if you have any questions. The objection to the claims of resurgent were made in September, and in September the resurgent asked for 30 days more to prepare the documentation, to get the documentation that was needed. The matter was continued until October 29th. We don't have a transcript of that hearing because it wasn't designated by the appellant before the bat. It was continued until October 20th, and again, there is no proof of what went on there because resurgent didn't designate that transcript as part of the record. Subsequent to that, the ownership affidavits were put forth, and that's exhibit tab 3 in the excerpt on December 2nd. And then on February 26th, Judge Glover denied the rehearing. So it was before this court as to whether or not the denial of the rehearing was proper. Well, did you argue in your brief to the BAP that the BAP should review the denial of the motion to amend the rehearing? The argument for the BAP is irrelevant here, and I frankly don't remember precisely what was said at that argument. I know that the appellee here wanted to make that transcript part of the record, and I'm not sure he's done that. How about in your briefs before the BAP? Sorry? In your briefs. What was your position before the BAP? Well, there were a number of things argued, a number of policy issues argued before the BAP. What was the issue you asked the BAP to decide? I asked them to decide that the denial of resurgence refusal to divulge the purchase price for these should be grounds for denial. But I clearly stated to the BAP that there was no precedent for that, and there were two independent grounds that I argued. One, that the dollar amounts didn't correspond because perhaps the interest had been brought forward from the petition date to the time the proofs of the claim were made, or from the petition date to the time the assignments were made. We couldn't tell, and that was the lesser of the two issues. Well, when I read your BAP to the brief, and then the opinion from the BAP with the dissent, and then your briefs to us, the argument that you now advance is the argument that was set forth in the dissent. Correct. But you didn't advance that argument to the BAP. I pushed the argument to the BAP on the purchase price, and I haven't made that argument here, Your Honor. So that's about all I can say. There was an insufficient record here for the BAP to make a determination. The proof of ownership was provided late, and the rehearing was entirely proper for the judge to deny it because while resurgent had asked for 30 days to produce these materials, they took some 90 days to do so, and that's just not grounds for rehearing. I'll reserve the rest of my time. Thank you. Good morning, Your Honors. May it please the Court, my name is Matthew Johnson. I represent Resurgent Capital Services in this matter. I think, Your Honors, that the issue is and always has been in this case whether or not a person who purchases claims in a bankruptcy proceeding must disclose the price purchased in order for that claim to be allowed in bankruptcy court. That's what was argued at the lower court level. That's what was argued outside of court, and that was what was argued at the BAP. And so I was, for one, somewhat surprised that now the issue has kind of changed from whether you have to disclose the purchase price to, hey, there wasn't a sufficient record. I just wanted to address real briefly the issue of the November transcript. We, in fact, requested all of the transcripts, and it was simply not available. If you take a look at the excerpt of the record, page Roman numeral 7, there was an entry in the docket on April 25, 2003, where they, in fact, contacted us and said that the transcripts may have been listed incorrectly in that phone call. We were asked to provide all of the transcripts related to this. For whatever reason, they again gave us on 513, you'll see two entries, docket number 42 and number 43. You'll see entries of the transcript from 918 in 2002 and entries for 226, 2003. The page before that, we'd already ordered the 918 transcript. It simply was not available, and we don't know why, but it simply was not available. Regardless, it was really not important. And I think at page 11 of my brief, 10 and 11, I explain why it's not important. One is there was no finding the facts and conclusions of law. There was no argument. Counsel even admitted that the court did not allow anybody to be heard. Hold on a second. I'm confused. Yes. Did you have the tape of the oral argument transcribed? At the BAP level, we did, yes. At the BAP level? Yes. We ordered transcript from all of the lower proceedings. For whatever reason, we did not get that November 20th hearing date. It did not come back. In the bankruptcy court? In the bankruptcy court level, yes. So it just simply was not available. The BAP did ask a question during oral arguments about that, and we explained that it was not available. And again, I think that the key issue is the appellants themselves admit, and I can quote, my recollection of the hearing was that he did not allow a resurgent capitals counsel to be heard in any meaningful way. I think that another issue that needs to be looked at is if the issue now suddenly is not whether or not we're required to disclose the purchase price of the claim, Rule 3001E1 clearly says we're not. It's irrelevant. And both courts, both there was a Campagna case, the Sanford case, both the district court as well as the BAP reversed this decision, the decision to deny resurgent capitals claim, sent it back. There was some argument that I think needs to be advanced, and we go back to even whether or not that's not the issue. If the issue no longer is, hey, do you have to disclose the purchase price, what about the fact that Rule 3001F says that a proof of claim that is filed in accordance with the rules is prima facie evidence, and that's the word used, of the validity and the amount of the claim? I understand the briefing before this Court now. Right. There's no challenge really to the heart of the BAP's opinion, the majority opinion. Correct. Now they're saying there wasn't enough. He shifted the argument a bit.  He's changed the argument. The debtors have changed the argument, as I understand it. That's true. They're now saying – The question for me is whether or not they've waived the right to even assert that argument to us, because they didn't assert it to the BAP. That's what I was thinking. I believe that they definitely have waived that. I have one other question, basically, and that is what happens now when this goes back down to the district? Let's just take that for a moment. If it goes back in that posture, what happens if it goes back to the bankruptcy court? The claim is allowed? The claim is allowed. Does the bankruptcy court then recognize the claim and determine the amount of the claim? What about – they have a question. There's this sort of lingering sort of little – they refer to it as a de minimis issue about the amount of the claim. Correct. Does that still imply at the bankruptcy court? I don't believe it is, and let me tell you why. We will be willing to stipulate that their amounts that they placed in their petition schedules are the amounts. Their amounts are, in fact, more. When did you make that stipulation? We'll make it at any time. That really was not the issue. The issue never was that. That's why it's so difficult to argue this, is that was never the issue. The issue was, look, you guys have got to tell us what you paid and give us the documents, the assignment documents, which our clients declined to do. That never was the issue. Do you think that issue is really before us? Of what? What issue? I'm sorry. What was paid for the claims? I don't think that it is. I think that, again, during the original case in the bankruptcy court level, during the bankruptcy appellate court level, that was really not raised. And if you take a look at the claims themselves, what we filed our affidavit showing, this is what the claims are, is actually about $600. I'm giving you approximate amounts less than what they scheduled in their petition schedules. They're saying that they owe us more than what we're saying they owe us. And so I don't think that that's really an issue. The claims are, two of the three claims were less by $668.14. One of the claims was more by $102.57. So as a whole, we asked for just less than $600 less than what they have said that they owe us. So as he informed the BAP, at least as to the amount of the claims, the counsel said to the BAP, well, that's just a de minimis issue. Right. That doesn't matter. I guess that means that you're not really contesting. I'm not contesting that. The amount of the claim. No. The whole dispute was on whether or not you had to disclose what resurgent paper, which probably was a discounted price. Correct. And that was the whole issue, and it always has been the whole issue. And now they're saying, hey, there's not enough here. But let me point out why, even if that's not the issue any longer, why the claim should be allowed regardless. Because under 3001F, the proof of claim is the prima facie evidence. Well, what happens when we file a proof of claim, which we did and attached a document showing what the amount was? When we did that, now the burden becomes the appellant's burden or the debtor's burden at that point in time to provide evidence. And if you look at the Lundell case, which we've cited, which also cites the Holm case, to defeat the proof of claim, the debtor now has the burden of coming forward with sufficient evidence. The word evidence is key here. It shows facts tending to defeat the claim by probative force equal to the allegation of the proof of claim themselves. Now, here, there was no evidence provided. All there was was a mere formal objection. We argued this at the lower court level as well as at the BAP level. It was simply a mere formal objection. You can see tab six of the excerpt of the record. That's what the – all it says was a three-page thing by counsel saying, hey, we object. There's no affidavits, no evidence, no documents attached, nothing. There is no evidence. It's simply a mere formal objection. And there never was any evidence stating, hey, this is why we – He doesn't – counsel for the debtors doesn't seem to be challenging the merits of the BAP's decision on this issue. I think that you're correct in that, Your Honor. What counsel is concerned about, I believe, and based on conversations that we've had, is he doesn't think that the BAP opinion, which is now a published opinion, is very helpful to debtors, of which he represents, because now there is a published authority out there in the Ninth Circuit that says there is no obligation for an entity or a person who purchases a claim to tell or to disclose how much that claim is worth or was paid for. In the blue brief to us, the opening brief to us by the debtors, this court, there's no attack on the reasoning – That's correct. – that would undermine the analysis that the majority of the BAP reach – That's correct. – in vacating. That's correct. They simply are trying to say, hey, this isn't a good idea. Let's remand it. They don't want the published opinion is what this comes down to. That's what this announces. Thank you. Just briefly, this is not a retrial of what happened at the BAP. This is a de novo review of what happened in the bankruptcy court. That's what the Ruffino case says. We don't sit – you don't sit as a determination or a fact finder or anything else as to what the BAP did. This is simply a second level of appeals that allows you to reconsider – We're not bound by what the BAP says. That's correct. Well, I thought your argument was the BAP shouldn't have reached this issue. You brought it to us as an argument with what the BAP did and didn't do. The BAP didn't have a proper record before it. The BAP didn't have transcripts. Those transcripts weren't even designated. They weren't even part of the designation of the record, which is required. Now, how can the BAP reach – You dropped entirely the issue here of payment, how much people paid for these claims. I did not make that argument. It did not play well at the BAP, and I just decided I wasn't going to make that argument here. There was no point in doing that. So what are you asking us to do? Vacate the BAP's opinion. There was no basis for it. There was no record before it upon which they could have done what they did, as the dissent says and as Judge Hicks says. Judge Hicks didn't reverse anything. He remanded it. There's no word reversal in that opinion. He remanded it. That's not the argument you made to the BAP, though. That's my point. You didn't make that argument to the BAP. It doesn't matter. That's irrelevant because this is de novo. We're not reviewing the BAP. We're not retrying what the BAP did. You're looking at what the judge did on reconsideration, and as the dissent, Judge Ryan, aptly points out, the rules just were not followed. There were no grounds for this to be reconsidered and granted. We have case law, though, that says that if you don't raise issues before the BAP, then you come to us and you raise those issues with us. You've waived them. That's precisely what I'm not doing. I'm not raising that issue. You didn't tell us this was a de novo review of what the Bankruptcy Court did. You styled this as an attack on what the BAP did and didn't do. Well, in my statement. In your statement of issues, you did not say this is a de novo review of what the Bankruptcy Court did. I think that my last sentence in the statement of issues refers to the Raffino  It says this is de novo because Raffino said … Whether the Bankruptcy Appellate Panel properly made the findings and conclusions that it did based on the record before it. More specifically, whether the BAP committed clear error in reversing the Bankruptcy Court by assuming facts not in evidence, when the only issue properly before it was whether the Bankruptcy Court abused its discretion in rejecting resurgence capital services, request for reconsideration on a motion to amend. Finish. You didn't say in your brief that this is a de novo review from what the Bankruptcy Court did. Well, maybe I didn't say it there, but I believe it was in there, and I can't put my finger on it. Well, that's why we have something in the brief called statement of issues. I mean, you've just completely shifted grounds again. Well, I certainly didn't mean to. You might be right, but that's not what you told us this appeal is all about. And in the Bankruptcy Court, you disclaimed any interest at all. I did cite the Raffino case for the proposition that this case, this Court would look at it de novo, and that's what I think the function of this Court is, not to review the trial at the BAP, if you will, or the arguments. Well, you have to tell us what the issues are. Well, I apologize if I'm deficient in that regard. You didn't. You misled the BAP, too. Sorry? You misled the BAP, too, then, by telling them, well, really, the only issue is X, and you discounted everything else. Well, I said it was. This thing keeps morphing. I said it was de minimis. I didn't say it was nonexistent. You waved it off. Well, it was brought up twice by Judge Ryan, and I believe I addressed it twice, saying it was de minimis. Well, what did you mean by using de minimis? That it wasn't the central issue. It wasn't the most important issue, in my view, as to the resolution of that matter. But it was nonexistent because the dollar amounts didn't line up. The dollar amounts. That's the amount of the claim, not resurgent. Well, not what resurgent paid for the claim, but the amount of the claim. Right, the amount of the claim. Correct. The amount of the claims were different, and they were all different by small dollar amounts. But on that issue, you represented the BAP that that's de minimis, and apparently they agree, too, because apparently there's not going to be any real dispute about the amount of the debt. The debtor's debt. They didn't say it was de minimis. They said it was nonexistent. It was Judge Ryan who said that there was one of the grounds that was a valid ground. And that was a dissent. Well, all right. Anything else? Thank you. I'm sorry if I've not framed my statement of issues properly. I hope I've made it clear from what I've said today. Let's change. Thank you. All right. The matter will stand submitted.
judges: Trott, T.G. Nelson, Paez